# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNITH A. HARRIS a/k/a<br>KENNETH ADAM HARRIS,<br><br>    Plaintiff,<br><br>VS.<br><br>MADISON COUNTY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 19-1284-JDT-cgc |

## ORDER DISMISSING CASE,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 19, 2019, the Court dismissed the *pro se* complaint filed by Plaintiff Kennith A. Harris a/k/a Kenneth Adam Harris, and granted leave to file an amended complaint. (ECF No. 5.) Harris timely filed an amended complaint, (ECF No. 6), which is before the Court for screening. Harris again lists Madison County as the only Defendant.

Harris's amended complaint, like his original complaint, generally alleges unpleasant conditions of confinement at the Madison County Criminal Justice Complex (CJC). (*Id.* at PageID 22.) He newly alleges that the overcrowding at the CJC is a fire code violation and asserts that the "Jail Log Books" support his claims of overcrowding. (*Id.* at PageID 22-23.) Harris further alleges that he has been held in segregation for "months and months" without any opportunity for physical exercise. (*Id.* at PageID 23.) He contends these conditions violate Article 1, § 32 of the Tennessee Constitution. (*Id.*) Harris does not specify what relief he seeks.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 5 at PageID 17-18), and will not be reiterated here.

For the same reasons discussed in the prior order of dismissal, Harris's amended complaint fails to state a claim. He does not name any responsible party who may be sued under § 1983. As the Court previously noted, (*id.* at PageID 18-19), Madison County may be held liable *only* if Harris sustained an injury due to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). However, Harris does not allege that a Madison County policy is responsible for the conditions at the CJC. Furthermore, Harris does not allege that he suffered any physical injury as a result of the conditions about which he complains. *See* 42 U.S.C. § 1997e(e). Therefore, Harris's amended complaint also is subject to dismissal.[1]

Because Harris's amended complaint fails to state a claim on which relief can be granted, this case is DISMISSED in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Harris in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Harris would not be taken in good faith.

---

[1] Though Harris alleges the conditions at the CJC violate the Tennessee Constitution, Tennessee does not recognize actions for damages for violations of the Tennessee Constitution. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W. 3d 434, 444-45 (Tenn. Ct. App. 1999); *see also Siler v. Scott*, No. E2017-01112-COA-R3-CV, 2019 WL 2306932, at *11 (Tenn. Ct. App. May 30, 2019).

The Court must also address the assessment of the $505 appellate filing fee if Harris nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Harris is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Harris, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                   s/ **James D. Todd**
                                    JAMES D. TODD
                                    UNITED STATES DISTRICT JUDGE